IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Art Bartlett, *on behalf of himself
and others similarly situated*,

        Plaintiff,

vs.                                Case No.

P.N. Financial, Inc.,

        Defendant.

## NATURE OF ACTION

1.     This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court under 28 U.S.C. §1391(b) as the acts and transactions giving rise to this action occurred in this district, as Art Bartlett ("Plaintiff") resides in this district, and as P.N. Financial, Inc. ("Defendant") transacts business in this district.

## PARTIES

4.     Plaintiff is a natural person who at all relevant times resided in the State of New Mexico, County of Bernalillo, City of Albuquerque.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt ("Debt") owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On May 1, 2013, Defendant mailed a letter to Plaintiff in an attempt to collect the Debt. The letter read, in part:

> You have been repeatedly advised of your long overdue balance in the amount of **$7,331.46**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **May 17, 2017**. Be advised that after **May 17, 2013** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

> P.N. Financial has agreed to accept the amount of **$3,665.73** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **May 17, 2013**, date no later than **May 31, 2013**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

*See* May 1, 2013, attached as Exhibit A.

12. On June 27, 2013, Defendant mailed a letter to Plaintiff in an attempt to collect the Debt. The letter read, in part:

> You have been repeatedly advised of your long overdue balance in the amount of **$7,331.46**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **July 12, 2013**. Be advised that after **July 12, 2013** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

> P.N. Financial has agreed to accept the amount of **$3,665.73** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **July 12, 2013**, date no later than **July 26, 2013**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

*See* June 27, 2013, attached as Exhibit B.

13. On September 27, 2013, Defendant mailed a letter to Plaintiff in an attempt to collect the Debt. The letter read, in part:

> You have been repeatedly advised of your long overdue balance in the amount of **$7,331.46**. However, there is still time to avoid additional interest and/or penalties if you resolve this matter by **October 11, 2013**. Be advised that after **October 11, 2013** this offer will be considered null and void and the current balance will be due in full. This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties.

> P.N. Financial has agreed to accept the amount of **$3,665.73** to settle the above-referenced account. In order to take advantage of this offer you must have a payment in our office by **October 11, 2013**, date no later than **October 25, 2013**. Upon clearance of your final payment, we will provide you with a release letter showing a zero balance on the above-referenced account within 30 days thereafter.

*See* September 27, 2013, attached as Exhibit C.

## CLASS ALLEGATIONS

14. Plaintiff brings this action on behalf of himself and others similarly situated.

Specifically, he seeks to represent a class of individuals defined as:

> All persons in New Mexico (1) to whom Defendant sent a letter, (2) in connection with the collection of a consumer debt, (3) within the year preceding the date of this complaint, (4) that included any of the following false statements:
>
> > Be advised that after [DATE] this offer will be considered null and void and the current balance will be due in full;
> >
> > This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties;
> >
> > In order to take advantage of this offer you must have a payment in our office by [DATE], date no later than [DATE].
>
> And (5) to whom Defendant sent a subsequent letter that included any of the following statements:
>
> > Be advised that after [DIFFERENT DATE] this offer will be considered null and void and the current balance will be due in full;
> >
> > This will be your final opportunity to resolve this matter without the expense of additional interest and/or penalties;
> >
> > In order to take advantage of this offer you must have a payment in our office by [DIFFERENT DATE], date no later than [DIFFERENT DATE].

15. The proposed class specifically excludes the United States of America, the State of New Mexico, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Tenth Circuit, and the Justices of the United States Supreme Court, all of Defendant's officers and agents, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

16. Upon information and belief the class is averred to be so numerous that joinder of members is impracticable.

17. The exact number of the members of the class is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

18. The class is ascertainable in that upon information and belief the names and addresses of all members of the class can be identified in business records maintained by Defendant.

19. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual members of the class. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorneys' fees and costs.

20. Plaintiff's claims are typical of those of the class he seeks to represent.

21. Plaintiff's claims, and those of the members of the class, originate from the same conduct, practice, and procedure, on the part of Defendant. Thus, if brought and

prosecuted individually, the claims of each member of the class would require proof of the same material and substantive facts.

22. Plaintiff possesses the same interests and has suffered the same injuries as each member of the class. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed members of the class.

23. Plaintiff will fairly and adequately protect the interests of the members of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

24. Plaintiff is willing and prepared to serve this Court and the proposed class.

25. Plaintiff's interests are co-extensive with, and not antagonistic to, those of the absent members of the classes.

26. Plaintiff has retained the services of counsel who are experienced in consumer protection claims and complex class action litigation, who will vigorously prosecute this action, and who will assert, protect, and otherwise represent Plaintiff and all absent members of the class.

27. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would—as a practical matter—be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

28. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of

the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

29. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

30. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this complaint in that: (a) individual claims by the members of the classes will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I

31. Plaintiff repeats and re-alleges each and every factual allegation above.

32. Section 1692e(10) of the FDCPA reads:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §1692e(10).

33. It is a violation of Section 1692e(10) to send any communication that conveys to a consumer a false sense of urgency. 53 Fed. Reg. 50097–02, at 50106 (Dec. 13, 1988).

34. Defendant violated Section 1692e(10) by sending Plaintiff communications that conveyed a false sense of urgency.

## COUNT II

35. Plaintiff repeats and re-alleges each and every factual allegation above.

36. Section 1692e(2)(a) of the FDCPA reads:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

**(2)** The false representation of—

**(A)** the character, amount, or legal status of any debt; or

15 .S.C. §1692e(2)(a)

37. Defendant violated Section 1692e(2)(a) by falsely representing the character, amount, or legal status of the Debt.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby demands a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

8

a) Determining that this action is a proper class action, certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(10) and 15 U.S.C. § 1692e(2)(A);

c) Awarding Plaintiff, and members of the class, statutory damages.

d) Awarding Plaintiff, and members of the classes, reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff, and members of the classes, any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding other and further relief as this Court may deem just and proper.

Respectfully Submitted,

/s/Anita M. Kelley
Anita M. Kelley
Law Office of Anita M. Kelley
913-A Fifth Street NW
Albuquerque NM 87102
(505) 750-0265

Aaron D. Radbil (*pro hac vice application to follow*)
Greenwald Davidson PLLC
5550 Glades Rd, Ste. 500
Boca Raton, FL 33431
Phone: (561) 826-5477
Fax: (561) 961-5684
aradbil@mgjdlaw.com
Attorney for Plaintiff